District Court Civil
Jefferson County
100 Jefferson County Parkway
Golden Co 80403

Jeanette Snider and Matthew Snider

Plaintiff (s)

v.

B.A.C. Home Loans Servicing L.P. and

Castle Meinhold and Stewarski LLC

Defendant (s)

**EFILED Document**
**CO Jefferson County District Court 1st JD**
**Filing Date: Jan 14 2011 3:13PM MST**
**Filing ID: 35392925**
**Review Clerk: N/A**

**COURT USE ONLY**
case number:2011CV118

Attorney or Party Without Attorney:
Jeanette Snider & Matthew Snider
2718 W 28th Ave Apt 405
Denver, Co 80211

Phone(562) 205-6588
E-mail: mattsnider13@yahoo.com

Division:11
Court Rm:4b

# TRO

COMES NOW, Plaintiffs Matthew Snider & Jeanette Snider and files this **motion for a Temporary Restraining Order** and Injunctive Relief and states as follows:

1. **Plaintiff's** reaffirms and realleges the preceding paragraphs as if forth fully set forth herein below.

2. **Plaintiff's** motion for a temporary restraining order is authorized by C.R.C.P. 65.

3. **Plaintiff's** request the Court to issue an order immediately restraining **FREDDI MAC From:**

Exhibit D

(1) Selling, assigning, transferring or conveying any of the documents and/or real property in this instance; (2) Prevent **FREDDI MAC**, or anyone working in concert with, under the direction of, or on behalf of the **FREDDI Mac**, jointly and/or separately, from selling, assigning, transferring or conveying any of the documents and/or real property in this matter.

4. It is probable that **Plaintiff's will prevail over Defendants** after trial on the merits herein because **Defendants' have engaged in a pattern of unfair practices in violation of the Colorado Consumer Protection Act, 6-1-101**, also Defendant B.A.C Home Loans Servicing L.P. and **Freddi Mac** jointly/and separtely engaged in a pattern of **Deceptive Buisness Practices in violation of C.R.S. 6-1-105** and Defendants' failure to provide the original promissory note or the original deed of trust or any legal document giving Defendants **Legal Standing To Foreclose on Plaintiffs Real Property** See **Goodwin v. District Court**, 779 P.2d 837 (Colo. **1989**).

5. Moreover, if **Plaintiff's** are not granted immediate relief, then harm to **Plaintiff's** is imminent.

6. Given **Defendants'** and Freddi Macs misrepresentations and omissions regarding **Plaintiffs** loan modification and Castle Meinhold and Stewarskis violation of Rules of Professional Conduct by **Lack of notice to Plaintiffs Foreclosure proceedings Case# 10CV1593**, Plaintiff's are under reasonable apprehension that **Freddi Mac** convey **Plaintiff's** assets before the trial of this case and without **immediate intervention by the Court**. **Plaintiff's** will suffer irreparable injury if the temporary restraining order does not issue as Freddi Mac has recently listed Plaintiffs Real Property For Sale Dec,30 2010.

7. **Plaintiff's** have no adequate remedy at law because the damages that **Defendants and Freddi Mac** have caused, and will continue to cause in the absence of a temporary restraining order, are *nonrecoverable.*

8. **Plaintiff's** have been **deprived of their property** Due to the **Defendants'** conduct. However there is not enough time to serve notice on the **Defendants** and to hold a hearing on

this Motion. **Plaintiff's** have a well founded and significant fear that if **Defendants** are given the time required for the notice and hearing, **Freddi Mac** will sell, assign, transfer, or convey **Plaintiff's real property causing irreparable harm to Plaintiffs.**

9. **Plaintiff's** request this Court to set their Motion for Temporary Restraining Order **IMMEDIATELY** for a hearing and after the hearing, issue a temporary restraining order against Freddi Mac.

## ALL ELEMENTS HAVE BEEN MET

10. **Plaintiff's** reaffirm and reallege the preceding paragraphs as if more fully set forth herein below.

11. **All four elements required for granting a Temporary Restraining Order and Injunctive Relief have been met.**

12. **First Element (likelihood of success on the merits of Plaintiff's claims):** It is well settled that **Plaintiff's** must establish a reasonable probability of success on the merits, and not a certainty of success. *Oburn v. Shapp,* 521 F. 2d 142 (3rd Cir. 1975), In the instant case, **Plaintiff's** legally protected property rights are clear and unambiguous. It is also clearly evident the **Defendants'** conduct set forth in **Plaintiff's** Complaint, is wrongful and violates their legally protected property rights. Accordingly, **Plaintiff's** Complaint, , and their Motion clearly establish a reasonable likelihood of success on the merits of their claims.

13. **Second Element (the denial of injunctive relief will result in irreparable harm to Plaintiff's):** It has been held that "in order to demonstrate irreparable harm, **Plaintiff's** must demonstrate potential harm which cannot be addressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. CF. Airfreight, Inc.,* 882 F.2d 797 (3rd Cir. 1989). It is well settled that a deprivation of a person's legally protected property right will result in irreparable harm. In the instant case, **Defendants'** wrongful conduct has severally invaded

Plaintiff's legally protected property rights. Moreover, the harm resulting from **Defendants'** wrongful conduct is continuing, making any assessment of monetary damages impossible. Accordingly, **Plaintiff's** Complaint clearly establishes that a denial of injunctive relief will result in immediate and continuing irreparable harm to them See Dominion Video Satelite, Inc. V. EchoStar Satelite Corp., 356 F .3d 1256, 1260 (10th Cir 2004).

14. **Third Element (that the granting of injunctive relief will not result in even greater harm to the non-moving party)** This is also clearly established in **Plaintiff's** Complaint. No harm will result to **Defendants or Freddi Mac** should injunctive relief be granted as **Defendants or Freddi Mac**, jointly and separately, have no lawful interest in **Plaintiff's** property. **Plaintiff's** have clearly satisfied this element.

15. **Fourth Element (the grant of injunctive relief is in the public interest):** The granting of injunctive relief is in the public interest See RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208(10th Cir.2009) Defendants, jointly and separately, have committed felonious acts. In fact, the very documents **Defendants** have filed into the public record are *prima facie* evidence of **Defendants' crimes.**

16. **Defendants'** criminal acts have deprived Colorado in numerous ways. The radical drop in property values caused by **Defendants'** criminal acts have caused Colorado to go broke due to the extreme decline in revenues from property taxes and the increase need for "homeless" and other services.

17. It is in the public interest to stop criminals from committing crimes.

## BOND REQUIREMENTS

18. **Plaintiff's** reaffirm and reallege the preceding paragraphs as if more fully set forth herein below.

19. Colorado Rules of Civil Procedure requires a bond, in this instant case however

**Defendants** have no interest in **Plantiff's** property and have no right to property. Bonds are to secure and/or indemnify a party from loss, yet a party that has no interest and no right to a property cannot possible incur a loss.

20. **Plaintiff's** hereby request a *de minimus* bond as they are now **Bankrupt due to Defendants' numerous criminal, fraudulent acts against them,**

### PRAYER FOR RELIEF

**WHEREFORE, having set forth and asserted claims against Defendants, the Plaintiffs Jeanette Snider and Matthew Snider, pray for the following relief:**

**21. That this Court grant immediate TRO restraining Freddi Mac from:**

(1) Selling, assigning, transferring or conveying any of the documents and/or real property in this instance;

(2) Prevent **FREDDI MAC**, or anyone working in concert with, under the direction of, or on behalf of the **FREDDI Mac**, jointly and/or separately, from selling, assigning, transferring or conveying any of the documents and/or real property in this matter.

**22. This Court Grant Injunctive Relief until a trial on the merits.**

                                              **Respectfully Submitted**

                                      Jeanette Snider    Matthew Snider

Dated Jan 14, 2011                                Pro Se             Pro Se

**VERIFIED STATEMENT**

Matthew Snider & Jeanette Snider, **Plaintiff's pro se,** verifies that they are competent to state as to the matters set forth herein and has first-hand knowledge thereof, and attests that to the best of their knowledge and belief, such facts are true, correct and complete to the best of their knowledge and belief, admissible as evidence, and if called upon as a witness, they will testify to their veracity.

*[signature]*
Matthew Snider, **Plaintiff pro se**

*[signature]*
Jeanette Snider, **Plaintiff pro se**

District Court Civil
Jefferson County
100 Jefferson County Parkway
Golden Co 80403

EFILED Document
CO Jefferson County District Court 1st JD
Filing Date: Jan 14 2011  3:14PM MST
Filing ID: 35393217
Review Clerk: N/A

Jeanette Snider and Matthew Snider

Plaintiff (s)

v.

B.A.C. Home Loans Servicing L.P. and

Castle Meinhold and Stewarski LLC

Defendant (s)

Attorney or Party Without Attorney:
Jeanette Snider & Matthew Snider
2718 W 28th Ave Apt 405
Denver, Co 80211

Phone(562) 205-6588
E-mail: mattsnider13@yahoo.com

COURT USE ONLY
case number:2011CV118

Division: 11
Court Rm:4b

# PROPOSED TRO

      Temporary Restraining Order Taking effect immediately that will remain active for fourteen days, Restraining Freddi Mac from:

      (1)    Selling, assigning, transferring, conveying and or taking possession of real property in this instance;

      (2)    Defendants or anyone working in concert with, under the direction of, or on behalf of the Defendants, jointly and/or separately, from:

      Selling, assigning, transferring or conveying any of the documents.



**DENIED WITH COMMENTS**

The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order.

*Stephen M. Munsinger*

**Stephen M. Munsinger**
**Jefferson District Court Judge**
DATE OF ORDER INDICATED ON ATTACHMENT

**EFILED Document**
**CO Jefferson County District Court 1st JD**
**Filing Date: Jan 14 2011 3:46PM MST**
**Filing ID: 35394320**
**Review Clerk: Beth B**

Jefferson County
100 Jefferson County Parkway
Golden Co 80403

Jeanette Snider and Matthew Snider

Plaintiff (s)

v.

B.A.C. Home Loans Servicing L.P. and

Castle Meinhold and Stewarski LLC

Defendant (s)

Attorney or Party Without Attorney:
Jeanette Snider & Matthew Snider
2718 W 28th Ave Apt 405
Denver, Co 80211

Phone(562) 205-6588
E-mail: mattsnider13@yahoo.com

**COURT USE ONLY**
case number:2011CV118

Division:11
Court Rm:4b

# TRO

COMES NOW, **Plaintiffs** Matthew Snider & Jeanette Snider and files this **motion for a Temporary Restraining Order** and Injunctive Relief and states as follows:

1. **Plaintiff's** reaffirms and realleges the preceding paragraphs as if forth fully set forth herein below.

2. **Plaintiff's** motion for a temporary restraining order is authorized by C.R.C.P. 65.

3. **Plaintiff's** request the Court to issue an order immediately restraining **FREDDI MAC From:**

(1) Selling, assigning, transferring or conveying any of the documents and/or real property in this instance; (2) Prevent **FREDDI MAC**, or anyone working in concert with, under the direction of, or on behalf of the **FREDDI Mac**, jointly and/or separately, from selling, assigning, transferring or conveying any of the documents and/or real property in this matter.

4. It is probable that **Plaintiff's will prevail over Defendants** after trial on the merits herein because **Defendants' have engaged in a pattern of unfair practices in violation of the Colorado Consumer Protection Act, 6-1-101,** also **Defendant** B.A.C Home Loans Servicing L.P. and **Freddi Mac** jointly/and separtely engaged in a pattern of **Deceptive Buisness Practices in violation of C.R.S. 6-1-105** and **Defendants'** failure to provide the original promissory note or the original deed of trust or any legal document giving Defendants **Legal Standing To Foreclose on Plaintiffs Real Property See Goodwin v. District Court, 779 P.2d 837 (Colo. 1989).**

5. Moreover, if **Plaintiff's** are not granted immediate relief, then harm to **Plaintiff's** is imminent.

6. Given **Defendants'** and Freddi Macs misrepresentations and omissions regarding **Plaintiffs** loan modification and Castle Meinhold and Stewarskis violation of Rules of Professional Conduct by **Lack of notice to Plaintiffs Foreclosure proceedings Case# 10CV1593,** Plaintiff's are under reasonable apprehension that **Freddi Mac** convey **Plaintiff's** assets before the trial of this case and without **immediate intervention by the Court.** **Plaintiff's** will suffer irreparable injury if the temporary restraining order does not issue as Freddi Mac has recently listed Plaintiffs Real Property For Sale Dec,30 2010.

7. **Plaintiff's** have no adequate remedy at law because the damages that **Defendants and Freddi Mac** have caused, and will continue to cause in the absence of a temporary restraining order, are *nonrecoverable.*

8. **Plaintiff's** have been **deprived of their property** Due to the **Defendants'** conduct. However there is not enough time to serve notice on the **Defendants** and to hold a hearing on

this Motion. **Plaintiff's** have a well founded and significant fear that if **Defendants** are given the time required for the notice and hearing, **Freddi Mac** will sell, assign, transfer, or convey **Plaintiff's real property causing irreparable harm to Plaintiffs.**

9. **Plaintiff's** request this Court to set their Motion for Temporary Restraining Order **IMMEDIATELY** for a hearing and after the hearing, issue a temporary restraining order against Freddi Mac.

## ALL ELEMENTS HAVE BEEN MET

10. **Plaintiff's** reaffirm and reallege the preceding paragraphs as if more fully set forth herein below.

11. **All four elements required for granting a Temporary Restraining Order and Injunctive Relief have been met.**

12. **First Element (likelihood of success on the merits of Plaintiff's claims)**: It is well settled that **Plaintiff's** must establish a reasonable probability of success on the merits, and not a certainty of success. *Oburn v. Shapp*, 521 F. 2d 142 (3rd Cir. 1975), In the instant case, **Plaintiff's** legally protected property rights are clear and unambiguous. It is also clearly evident the **Defendants'** conduct set forth in **Plaintiff's** Complaint, is wrongful and violates their legally protected property rights. Accordingly, **Plaintiff's** Complaint, , and their Motion clearly establish a reasonable likelihood of success on the merits of their claims.

13. **Second Element (the denial of injunctive relief will result in irreparable harm to Plaintiff's)**: It has been held that "in order to demonstrate irreparable harm, **Plaintiff's** must demonstrate potential harm which cannot be addressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. CF. Airfreight, Inc.*, 882 F.2d 797 (3rd Cir. 1989). It is well settled that a deprivation of a person's legally protected property right will result in irreparable harm. In the instant case, **Defendants'** wrongful conduct has severally invaded

**Plaintiff's** legally protected property rights. Moreover, the harm resulting from **Defendants'** wrongful conduct is continuing, making any assessment of monetary damages impossible. Accordingly, **Plaintiff's** Complaint clearly establishes that a denial of injunctive relief will result in immediate and continuing irreparable harm to them See Dominion Video Satelite, Inc. V. EchoStar Satelite Corp., 356 F .3d 1256, 1260 (10th Cir 2004).

14. **Third Element (that the granting of injunctive relief will not result in even greater harm to the non-moving party)** This is also clearly established in **Plaintiff's** Complaint. No harm will result to **Defendants or Freddi Mac** should injunctive relief be granted as **Defendants or Freddi Mac**, jointly and separately, have no lawful interest in **Plaintiff's** property. **Plaintiff's** have clearly satisfied this element.

15. **Fourth Element (the grant of injunctive relief is in the public interest):** The granting of injunctive relief is in the public interest See RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208(10th Cir.2009) Defendants, jointly and separately, have committed felonious acts. In fact, the very documents **Defendants** have filed into the public record are *prima facie* evidence of **Defendants' crimes.**

16. **Defendants'** criminal acts have deprived Colorado in numerous ways. The radical drop in property values caused by **Defendants'** criminal acts have caused Colorado to go broke due to the extreme decline in revenues from property taxes and the increase need for "homeless" and other services.

17. It is in the public interest to stop criminals from committing crimes.

## BOND REQUIREMENTS

18. **Plaintiff's** reaffirm and reallege the preceding paragraphs as if more fully set forth herein below.

19. Colorado Rules of Civil Procedure requires a bond, in this instant case however

**Defendants** have no interest in **Plantiff's** property and have no right to property. Bonds are to secure and/or indemnify a party from loss, yet a party that has no interest and no right to a property cannot possible incur a loss.

20. **Plaintiff's** hereby request a *de minimus* bond as they are now **Bankrupt due to Defendants' numerous criminal, fraudulent acts against them,**

### PRAYER FOR RELIEF

**WHEREFORE, having set forth and asserted claims against Defendants, the Plaintiffs Jeanette Snider and Matthew Snider, pray for the following relief:**

**21. That this Court grant immediate TRO restraining Freddi Mac from:**

(1) Selling, assigning, transferring or conveying any of the documents and/ or real property in this instance;

(2) Prevent **FREDDI MAC**, or anyone working in concert with, under the direction of, or on behalf of the **FREDDI Mac**, jointly and/or separately, from selling, assigning, transferring or conveying any of the documents and/or real property in this matter.

**22. This Court Grant Injunctive Relief until a trial on the merits.**

Respectfully Submitted

Jeanette Snider    Matthew Snider
    Pro Se              Pro Se

Dated Jan 14, 2011

## VERIFIED STATEMENT

Matthew Snider & Jeanette Snider, **Plaintiff's pro se**, verifies that they are competent to state as to the matters set forth herein and has first-hand knowledge thereof, and attests that to the best of their knowledge and belief, such facts are true, correct and complete to the best of their knowledge and belief, admissible as evidence, and if called upon as a witness, they will testify to their veracity.

_____
Matthew Snider, **Plaintiff pro se**

_____
Jeanette Snider, **Plaintiff pro se**

This document constitutes a ruling of the court and should be treated as such.

|  |  |
|--:|:--|
| **Court:** | CO Jefferson County District Court 1st JD |
| **Judge:** | Stephen M Munsinger |
| **File & Serve Transaction ID:** | 35392925 |
| **Current Date:** | Jan 14, 2011 |
| **Case Number:** | 2011CV118 |
| **Case Name:** | SNIDER, JEANETTE et al vs. BAC HOME LOANS SERVICING LP et al |
| **Court Authorizer:** | Stephen M Munsinger |

**Court Authorizer Comments:**

The Plaintiffs may set an emergency hearing with the clerk of Division 11.

**/s/ Judge Stephen M Munsinger**