**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00224-CMA-MJW

JEANETTE SNIDER, and
MATTHEW SNIDER,

    Plaintiffs,

v.

B.A.C. HOME LOANS SERVICING LP, and
CASTLE MEINHOLD AND STEWARSKI LLC,

    Defendants.

---

**ORDER DENYING MOTION TO REMAND ACTION TO STATE COURT, MOTION FOR EMERGENCY HEARING, AND APPLICATION FOR TEMPORARY RESTRAINING ORDER**

---

This matter is before the Court on Plaintiffs Jeanette Snider and Matthew Snider's Motion to Remand Action to State Court (Doc. # 6), Motion for Emergency Hearing (Doc. # 7), and Application for Temporary Restraining Order (Doc. # 10). For the reasons discussed below, the Motions are denied.

## I. BACKGROUND[1]

This action arises from foreclosure proceedings that commenced in connection with Plaintiffs' home, located at 7185 Union Street, Arvada, Colorado, as a result of

---

[1] Unless otherwise noted, all facts are taken from the Complaint (Doc. #1-1 at 5-24), Motion for Emergency Hearing (Doc. #7), and Application for Temporary Restraining Order (Doc. #10).

Plaintiffs' default on a mortgage obtained from a thirty party, SCME Mortgage Bankers, which mortgage was ultimately assigned to Defendant B.A.C. Home Loans Servicing L.P. ("BAC Home Loans"). In September 2009, Plaintiffs attempted to negotiate a loan modification with BAC Home Loans. Plaintiffs allege that BAC Home Loans encouraged them to default on their mortgage payments so that they would become eligible for a loan modification through Freddie Mac's Making Homes Affordable Program. Accordingly, Plaintiffs, who were previously current on all mortgage payments, defaulted on their mortgage in order to qualify for loan modification. On April 2, 2010, Defendant law firm, Castle Meinhold and Stewarski LLC, commenced foreclosure proceedings on behalf of BAC Home Loans. Pursuant to Colo. R. Civ. P. 120, the Jefferson County District Court held a hearing authorizing the sale of Plaintiffs' home and, on June 30, 2010, Plaintiffs' home was sold at a public trustee sale. Freddie Mac purchased Plaintiffs' home in July 2010 and has listed Plaintiffs' home for sale since December 30, 2010.

On January 11, 2011, Plaintiffs filed a Complaint in Jefferson County District Court against the above-captioned Defendants asserting the unconstitutionality of Colorado's "non-judicial" foreclosure process, and asserting the following eleven claims: (1) "motion for preliminary injunction;" (2) wrongful disclosure; (3) "slander of title;" (4) violation of the Consumer Protection Act; (5) "slander of credit;" (6) infliction of emotional distress; (7) federal claims violations of the Fair Debt Collections Practices Act ("FDCPA"); (8) violations of Real Estate Settlement Procedures Act ("RESPA");

(9) Violations of Truth-in-Lending Act ("TILA"); (10) unfair and deceptive acts and practices in violation of state laws; and (11) breach of reinstatement agreements. Amongst Plaintiffs' various allegations, they claim that the foreclosure proceeding in Jefferson County District Court was improperly held without timely notice to them, Defendants acted fraudulently, and Defendants' fraudulent conduct pervaded the foreclosure proceedings.  Consequently, Plaintiffs ask the Court to "set aside" the sale of Plaintiffs' home and to enjoin Freddie Mac, or anyone working on concert with, under the direction of, or on behalf of Freddie Mac, from "[s]elling, assigning, transferring or conveying any of the documents and/or real property in this instance." (Doc. #1-1 at 12.)

On January 27, 2011, Defendant BAC Home Loan Servicing ("BAC Home Loan") filed a Notice of Removal, removing the Jefferson County District Court action on grounds that this Court has original jurisdiction over Plaintiffs' federal claims.  (Doc. #1.)

On January 31, 2011, Plaintiffs filed a Motion to Remand Action to State Court. (Doc. # 6.)  Plaintiffs do not assert any arguments concerning this Court's possession of original jurisdiction over Plaintiffs' federal law claims; rather, Plaintiffs seek remand because, in pertinent part, Defendant Castle Meinhold & Stawarski has not filed a "signed certificate of consent" to the Removal, although Defendant BAC Home Loans represents that Castle Meinhold & Stawarski consents to removal, and Defendant BAC Home Loans failed to furnish all state court papers when removing the case.  (Motion to Remand at Doc. # 6 at 2; Notice of Removal, Doc. # 1 at 2.)

On February 3, 2011, Plaintiffs filed a Motion for Emergency Hearing asking the Court to hold an emergency hearing, grant a temporary restraining order, and remand the case to state court.  (Doc. # 7.)  In support of the Motion, Plaintiffs state that they have "discovered evidence showing the foreclosure process of their home . . . was conducted unlawfully," and that their home had been taken from them "without being afforded their due process of law."  (*Id.* at 2.)

On February 9, 2011, Plaintiffs filed an Application for Temporary Restraining Order ("Motion for TRO").  (Doc. # 10.)  In support of the Application, Plaintiffs state that Defendant Castle Meinhold & Stawarski committed a fraud on the public trustee and state court when it commenced foreclosure proceedings and that Plaintiffs "will suffer immediate and irreparable loss due to Defendants' felonious acts against them."  (Doc. # 10 at 2.)  Defendants responded to Plaintiffs' Motion for TRO on February 11, 2011.  (Doc. # 11.)

## II.  ANALYSIS

### A.  PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT (DOC. # 6)

Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  In the instant case, Plaintiffs have asserted a variety of claims under federal law, including TILA, RESPA, and FDCPA.  Accordingly, the Court has original jurisdiction over these claims and this case was rightfully removed from Jefferson County District Court.  To the extent that Plaintiffs assert procedural defects in the removal of this action from

state court, Plaintiffs have not cited to any authority, and the Court is aware of none, which would preclude this Court's retention of this action. Accordingly, Plaintiffs' Motion to Remand is denied.

**B.    PLAINTIFFS' MOTION FOR EMERGENCY HEARING (DOC. # 7) AND MOTION FOR TRO (DOC. # 10)**

In filing the Motion for Emergency Hearing and Motion for TRO Plaintiffs ask the Court to interfere with the Jefferson County District Court's orders authorizing the sale of Plaintiffs' home. However, pursuant to the *Rooker-Feldman* doctrine,[2] federal district courts are precluded from conducting appellate type review of state court judgments, including those that authorize and confirm the sale of property. *See Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC*, No. 07-cv-00149, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007) (explaining that the doctrine "applies in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and commenced and inviting district court review and rejection of those judgments") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007) (stating same principle).

In the instant case, pursuant to Plaintiffs' allegations in the Complaint and the pending Motions for injunctive relief, the Jefferson County District Court appears to have fully-adjudicated the parties' rights in connection with Plaintiffs' home. As such, this

---

[2] The doctrine is named for the decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Court is precluded from reviewing or interfering with the further sale of Plaintiffs' home or with the Jefferson County District Court's foreclosure-related decisions.  Such interference would require this Court to substitute its judgment for those of the state court's on these issues of property rights, which involve important state interests and which look to state law for their resolution.  To the extent that Plaintiffs allege that the foreclosure proceedings were rife with fraud, the more appropriate remedy is to pursue an independent action in state court that challenges the Jefferson County District Court's orders authorizing foreclosure and the sale of the property.  *See Beeler Props. LLC*, 2007 WL 1346591, at *3.

Accordingly, IT IS ORDERED THAT:

(1) Plaintiffs' Motion to Remand Action to State Court (Doc. # 6) is DENIED;

(2) Plaintiffs' Motion for Emergency Hearing (Doc. # 7) is DENIED; and

(3) Plaintiffs' Application for Temporary Restraining Order (Doc. # 10) is DENIED.

DATED: February  28 , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge