# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 11-cv-00224-CMA-MJW

JEANETTE SNIDER and
MATTHEW SNIDER,

    Plaintiffs,

v.

B.A.C. HOME LOANS SERVICING LP, and
CASTLE, MEINHOLD & STAWIARSKI LLC,

    Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTIONS TO
## DISMISS PLAINTIFFS' COMPLAINT

---

This matter is before the Court on Defendants' Motions to Dismiss Plaintiffs' Complaint. (Doc. ## 9, 37.) For the reasons discussed below, Defendants' Motions are granted.

## I. BACKGROUND[1]

This action arises from foreclosure proceedings that commenced in connection with Plaintiffs' home, located at 7185 Union Street, Arvada, Colorado, as a result of Plaintiffs' default on a mortgage obtained from a third party, SCME Mortgage Bankers ("SCME"). The mortgage servicing was ultimately assigned to Defendant B.A.C. Home Loans Servicing L.P. ("BAC Home Loans").

---

[1] Unless otherwise noted, all facts are taken from the Complaint (Doc. #1-1 at 5-24).

On June 21, 2007, Plaintiffs Jeanette and Matthew Snider purchased their home secured by a mortgage through SCME with an original monthly mortgage in the amount of $1,558.71. Plaintiffs contend they were current on all payments.

In September 2009, Plaintiffs attempted to negotiate a permanent loan modification. Plaintiffs contacted Defendant BAC Home Loans to discuss a modification of their loan. In response, Plaintiffs allege BAC Home Loans encouraged Plaintiffs to default on their mortgage payments so that they would become eligible for a loan modification through Freddie Mac's Making Homes Affordable Program. Accordingly, Plaintiffs, who were previously current on all mortgage payments, defaulted on their mortgage in order to qualify for loan modification. While Plaintiffs believed they were in the process of a loan modification, Defendant law firm, Castle Meinhold & Stawiarski, LLC ("CMS") commenced foreclosure proceedings on behalf of BAC Home Loans.

Pursuant to Colo. R. Civ. P. 120, the Jefferson County District Court held a hearing authorizing the sale of Plaintiffs' home, which was ultimately sold on June 30, 2010. A third party, Freddie Mac, purchased Plaintiffs' home in July 2010 for ten dollars.

On January 27, 2011, Plaintiffs initiated the instant action and asserted the following claims[2]: (1) breach of contract; (2) preliminary injunctive relief; (3) wrongful foreclosure; (4) slander of title; (5) violation of the Colorado Consumer Protection Act

---

[2] Although Plaintiffs did not number all their claims, the Court has assigned a number to each claim, in the order it was asserted.

("CCPA"); (6) slander of credit; (7) infliction of emotional distress; (8) violation of the Fair Debt Collections Purchasers Act ("FDCPA"); (9) violations of the Real Estate Settlement Procedures Act ("RESPA"); (10) violations of the Truth in Lending Act ("TILA"); (11) unfair and deceptive acts and practices in violation of Colorado law; and (12) breach of reinstatement agreements. Though not styled as a separate claim for relief, Plaintiffs also assert that Colorado's non-judicial foreclosure process is unconstitutional (13).

On February 8, 2011, Defendant BAC Home Loans filed a Motion to Dismiss. (Doc. # 9.) Plaintiffs did not respond until June 16, 2011 (Doc. # 35),[3] and BAC Home Loans replied on June 30, 2011 (Doc. # 39).

On June 20, 2011, Defendant CMS filed a Motion to Dismiss. (Doc. # 37.) Plaintiffs have not responded and their time to do so has expired. *See* D.C.COLO.LCivR 7.1 C ("The responding party shall have 21 days after the date of service of a motion."). However, on September 15, 2011, Plaintiffs filed a Motion for Leave to Respond to Defendant CMS's Motion to Dismiss and Leave to Respond in Excess of the Standards Page Limit ("Motion for Leave"). (Doc. # 55.) Notably, the Motion for Leave did not include a proposed response brief. In support, Plaintiffs state, "although there was a certificate of service attached to the Defendants [sic] motion to dismiss [sic] Plaintiffs have yet to receive a copy from CMS and had become aware of

---

[3] Plaintiffs filed this response pursuant to a May 31, 2011 Order by United States Magistrate Judge Michael J. Watanabe. (Doc. # 32.) This case had been referred to Magistrate Judge Watanabe, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). (Doc. # 15.)

3

the motion to dismiss on September 9, 2011, however Plaintiffs intend to file a response with leave of Court." (Doc. # 55 at 2.)  However, Plaintiffs do not dispute that the addresses listed on the Certificate of Service are correct, and their mere denial of receipt does not overcome the presumption that service of process by mail is received by the addressee "when there is proper evidence of its mailing to a named person at a correct address, with adequate prepaid postage." *Olsen v. Davidson*, 350 P.2d 338, 340 (Colo. 1960).  Moreover, pursuant to the Court's local rules, "[n]othing . . . precludes a judicial officer from ruling on a motion at **any** time after it is filed." D.C.COLO.LCivR 7.1(C) (emphasis added).  Finally, Plaintiffs duly responded to BAC Home Loans Motion to Dismiss which is substantively similar to CMS's Motion to Dismiss and, therefore, they have already presented arguments in defense of the asserted bases for dismissal. Accordingly, the Court finds no reason to grant Plaintiffs leave to respond to a motion that was filed three months ago, and denial of Plaintiffs' Motion for Leave is warranted.

## II. DISCUSSION

**A.     STANDARD OF REVIEW**

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Nevertheless, Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The court's function is to test "the sufficiency of

the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Court, however, need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true of all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Further, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted). In addition to considering the allegations, courts may also consider documents incorporated into the complaint by reference. *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007).

Pursuant to Fed.R.Civ.P. 8(a)(2), a complaint must contain a "a short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949. Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.*

### III. ANALYSIS

**A.   REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF (CLAIM 2)**

Plaintiffs seek preliminary injunctive relief to prevent the sale of their Colorado residence. In the Complaint, Plaintiffs ask the Court to prevent the sale of their home and to enjoin Freddie Mac, or anyone working in concert with, under the direction of, or on behalf of Freddie Mac, from "[s]elling, assigning, transferring or conveying any of the documents and/or real property in this instance." (Doc. # 1-1 at 11-12 .) In essence, Plaintiffs challenge the legitimacy of the state's foreclosure proceedings and, in so doing, question whether Freddie Mac, which purchased Plaintiffs' home at the state court authorized trustee sale, is the rightful owner of Plaintiffs' home. Thus, Plaintiffs ask this Court to do two things that it cannot do: (1) enjoin the conduct of Freddie Mac, which is not a party to this suit and (2) interfere with the state court's foreclosure-related judgments.

With respect to enjoining the conduct of non-parties, the Court notes that, pursuant to Fed. R. Civ. P. 65(d)(2), an order granting injunctive relief binds only the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with any of the aforementioned

individuals or entities. In the instant case, Freddie Mac quite clearly is neither a party nor an officer, agent, servant, employee, or attorney of any of the parties. Additionally, Plaintiffs have failed to allege facts establishing that Freddie Mac is in active concert or participation with any of the parties.

Moreover, as Defendants rightfully assert, Plaintiffs have failed to satisfy their burden of obtaining injunctive relief; specifically, Plaintiffs have failed to establish that: (1) they will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs any harm the proposed injunction may cause the opposing party; (3) the injunction, if issued, is not adverse to the public interest; and (4) a substantial likelihood of success on the merits exists. *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cr. 2009). According to the allegations in the Complaint, after Plaintiffs defaulted on their mortgage, the state court authorized the foreclosure and trustee sale of Plaintiffs' property, which was purchased by Freddie Mac. Thus, as a result of the trustee sale, Freddie Mac is seemingly the rightful owner of Plaintiffs' property and, as the rightful owner, it is free to sell the property if it so chooses. Therefore, the injury about which Plaintiffs complain, *i.e.*, losing possession of their property, has already occurred, and Plaintiffs cannot possibly show that this injury outweighs the injury Freddie Mac will suffer if the injunction is issued.

Even if Plaintiffs had met their burden, the Court lacks jurisdiction to interfere with the state court's foreclosure-related judgments. (*See* Doc. # 12 at 5-6 ("this Court is precluded from reviewing or interfering with the further sale of Plaintiffs' home or with the Jefferson County District Court's foreclosure-related decisions")). Accordingly, the

7

Court finds that dismissal without prejudice of Plaintiffs' first claim for injunctive relief is warranted. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("jurisdictional defect calls for a dismissal without prejudice").

The Court now turns to Plaintiffs' claims under federal law.

**B.    VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (CLAIM 8)**

In support of their claim for violations of the FDCPA, Plaintiffs allege they contacted BAC Home Loans "in order to dispute the debt, request verification of the debt, request the identity of the original creditor because the original creditor was different from the current creditor and requested a payoff statement including a full breakdown of the alleged debt." (Doc. # 1-1, ¶ 22.)  In addition, Plaintiffs allege that BAC Home Loans "has failed to supply Plaintiffs with the requested information about their loan and instead have [sic] provided Plaintiffs with false, misleading, inaccurate and incomplete information about their loan in violation of the FDCPA." (*Id.*)  Plaintiffs fail to allege any facts concerning CMS's purported violations of the FDCPA, but merely assert that CMS, along with BAC Home Loans, violated a laundry-list of FDCPA provisions.  (*Id.* at 17.)

CMS seeks dismissal on grounds that Plaintiffs have failed to allege any "operative facts" against it.  (Doc. # 37 at 15.)  BAC Home Loans seeks dismissal on similar grounds and also asserts that Plaintiffs fail to assert any "plausible facts" that it was a "debt collector," as defined by the FDCPA.  (Doc. # 9 at 9-10.)

In order to assert an actionable FDCPA claim, Plaintiffs must allege a claim against debt collectors.  *See* 15 U.S.C. § 1692(e) ("the purpose of this subchapter is to

8

eliminate the abusive debt collection practices by debt collectors"). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be **owed or due another**." 15 U.S.C. §1692a(6) (emphasis added). A debt collector **excludes** "any person collecting or attempting to collect any debt owed or due or asserted to be **owed or due another** to the extent such activity . . . concerns a debt which was **originated by such person** . . . [or] concerns a debt which was **not in default at the time it was obtained** by such person." 15 U.S.C. §1692a(6)(F) (emphasis added). Additionally, as clearly evidenced by the legislative history, the term does not include mortgage servicing companies. *See Solomon v. HSBC Mortg. Corp.*, 395 F. App'x 494, 495 (10th Cir. 2010) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

In the instant case, after wading through Plaintiffs' dense, long-winded, vague, and conclusory allegations, the Court finds that Plaintiffs have failed to allege facts concerning BAC Home Loans' conduct as a "debt collector." Rather, Plaintiffs' allegations indicate that BAC Home Loans was not a debt collector. Specifically, Plaintiffs' allegations reflect either that BAC Home Loans was collecting a debt owed or due to **itself**, rather than to another, or was a mortgage servicing company. In either case, BAC does not meet the definition of "debt collector," and Plaintiffs' claims against it fail as a matter of law. Accordingly, dismissal with prejudice of Plaintiffs' FDCPA claim against BAC is warranted.

In contrast to BAC Home Loans, CMS does not dispute that it is a "debt collector" under the FDCPA, and the Court finds that Plaintiff's allegations concerning CMS's

efforts to collect outstanding payments owed to BAC Home Loans, including the initiation of foreclosure proceedings, suggest CMS's "debt collector" status. *See Maynard v. Cannon*, 401 F. App'x 389, 393-94 (10th Cir. 2010) (confirming that law firm's attempts to collect on mortgage loan and initiate foreclosure on behalf of a client rendered it a debt collector under the FDCPA). However, the Court finds that Plaintiffs' FDCPA claim against CMS is wholly deficient. First, as noted above, Plaintiffs fail to assert any facts against CMS in connection with a FDCPA violation. Second, under the specific cause of action, Plaintiffs simply list seven purportedly violated provisions of the FDCPA; however, Plaintiffs fail to identify any conduct that purportedly caused CMS to violate those provisions. Accordingly, the Court finds that Plaintiffs fail to satisfy the pleading standards articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and, therefore, dismissal without prejudice of Plaintiffs' FDCPA claim against CMS is warranted.

**C.    VIOLATIONS OF RESPA (CLAIM 9)**

In support of their claim for a violation of RESPA, Plaintiffs assert that Defendants BAC Home Loans and CMS have failed "to meet the requirements of 12 U.S.C. § 2605 regarding transfer of servicing and responding to qualified written requests" and have failed "to meet the requirements of 12 U.S.C. § 2609 regarding escrow account statements, collection of escrow and notification of shortage in escrow account." (Doc. # 1-1 at 18.) In addition, Plaintiffs allege that BAC Home Loans "engaged in a regular pattern of [RESPA] violations . . . with respect to responding to requests from borrowers for account information, provision of required notices, and

application of payments[.]" (*Id.*, ¶ 23.) Defendants BAC Home Loans and CMS seek dismissal on the grounds that Plaintiffs have not provided sufficient factual support for a RESPA claim and that such claim is time-barred. (Doc. ## 9 at 11; 37 at 17.) Additionally, CMS asserts that Plaintiffs have failed to demonstrate that a private right of action exists under RESPA. (Doc. # 37 at 17.)

    1.    <u>12 U.S.C. § 2605</u>

In pertinent part, RESPA requires that "[e]ach person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." 12 U.S.C. § 2605(a). Additionally, at the time of any such transfer, "[e]ach servicer of a federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the loan to any other person." 12 U.S.C. § 2605(b)(1). Such notice must contain specific information, such as the effective date of transfer, contact information for the transferee servicer, and the date on which the transferor servicer will cease to accept payments relating to the loan. 12 U.S.C. § 2605(b)(3). Servicers of federally related mortgage loans are also obligated to respond to inquiries from borrowers regarding the servicing of their loans, and such responses must adhere to certain statutory requirements with respect to timing and content. *See* 12 U.S.C. § 2605(c). There is no question that a private right of action exists for a § 2605 violation. *See* 12 U.S.C. § 2605(f) ("[w]hoever fails to comply with any provision of this section shall be

liable to the borrower"); *see also Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006).

At the outset, the Court will address the statute of limitations issue. Defendants mistakenly assert that the RESPA claim is subject to a one-year statute of limitations. (Doc. # 9 at 11; Doc. #37 at 17.) However, claims arising from alleged violations of § 2605 are subject to a three-year statute of limitations. 12 U.S.C. § 2614. Accordingly, because Plaintiffs originally filed their Complaint in Jefferson County District Court on January 11, 2011, their RESPA claim must be premised on conduct that allegedly occurred no earlier than January 11, 2008. However, because Plaintiffs fail to allege clearly any facts in support of their RESPA claim, the Court is unable to determine whether the claim is time-barred.

With respect to the factual allegations, Plaintiffs simply assert that Defendants failed to meet RESPA's notification and inquiry response requirements. As with the FDCPA claim, even after liberally construing the Complaint, Plaintiffs again fail to identify what conduct <u>by Defendants</u> purportedly caused a violation of § 2605. Although Plaintiffs do complain that "[BAC Home Loans] failed to provide any documentation evidencing a chain of title from SCME Mortgage Bankers to Country Wide Home Loans and then to [BAC Home Loans]," (Doc. # 1-1 at 10), this allegation fails to support a RESPA violation against BAC Home Loans. To the extent that Plaintiffs contend that BAC Home Loans was required to issue a RESPA notification in connection with the transfer it **received** from another bank, the Court can find no supporting RESPA provision. Rather, RESPA requires loan servicers to provide notice of transfers "not

12

less than 15 days **before** the effective date of transfer of the servicing of the mortgage loan[.]" 12 U.S.C. § 2605(b)(2)(A) (emphasis added). Accordingly, the responsibility for issuing the RESPA notification rested with the bank transferring the loan or the servicing of the loan to BAC Home Loans.

The Court also finds Plaintiffs' allegations inadequate to the extent that they complain about **Defendants'** transfer notifications or that Defendants failed to respond to Plaintiffs' written requests for information about the servicing of their loan. Specifically, Plaintiffs fail to identify the at-issue notifications or how they fell short of the statutory requirements. Similarly, Plaintiffs fail to identify the ignored written requests or how any responses to the written requests were inadequate. In sum, Plaintiffs once again fail to satisfy the pleading standards articulated in *Twombly* and *Iqbal* and, therefore, dismissal without prejudice of this claim is warranted, as alleged against BAC Home Loans.

With respect to Plaintiffs' § 2605 claim against CMS, that claim also fails. The express provisions of § 2605 render clear that the requirements apply primarily to "[e]ach servicer of any federally related mortgage loan" and secondarily to "[e]ach person who makes a federally related mortgage loan." Plaintiffs have not, and cannot, allege that CMS, which is a law firm and not a financial services company, serviced or originated Plaintiffs' mortgage loan. Therefore, dismissal with prejudice of Plaintiffs' § 2605 RESPA claim against CMS is warranted.

13

2. 12 U.S.C. § 2609

Under 12 U.S.C. § 2609, RESPA sets forth certain collection and notification requirements regarding mortgage-related escrow accounts established for the purpose of assuring payment of taxes, insurance premiums, or other charges with respect to the property. However, it is well-established that no private right of action exists under § 2609. *See Hardy*, 449 F.3d at 1359 (noting that, pursuant to § 2609(d)(1), the Secretary of Housing and Urban Development shall assess a civil penalty to the lender or escrow servicer for § 2609 violations); *see also In re Payne*, 387 B.R. 614, 630 (Bankr. D. Kan. 2008). Accordingly, dismissal with prejudice of Plaintiffs' RESPA claim is warranted to the extent it is premised on a violation of § 2609.

**D. VIOLATIONS OF TILA (CLAIM 10)**

In support of their TILA claim, Plaintiffs allege that, "[a]s a result of the imposition of unauthorized or inflated charges," Defendants failed "to accurately disclose the loan balance." (Doc. # 1-1, ¶ 46.) Plaintiffs also allege Defendant BAC Home Loans violated "TILA with respect to information provided about loan rates." (Doc. # 1-1 at 14.) Defendant CMS seeks dismissal on grounds that Plaintiffs' claim is a formulaic recitation of TILA. (Doc. # 37 at 18.) Similarly, Defendant BAC Home Loans seeks dismissal on grounds that the allegations are broad and conclusory. (Doc. # 9 at 11.) Additionally, Defendants assert that the claim is time-barred. (Doc. # 9 at 11; Doc. # 37 at 18.)

TILA was enacted, in pertinent part, "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit

14

terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). "The purpose of TILA is to protect customers before the execution of a credit agreement by requiring creditors to disclose the terms of the proposed credit agreement." *Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253, 1257 (D. Colo. 2004). As stated in 15 U.S.C. § 1640, "any creditor [or assignee of a creditor] who fails to comply with any requirement [of TILA]" is liable to a person who sustained actual damage as a result of such failure.[4] Additionally, "actions for statutory and actual damages must be brought within one year from the date of the violation." *Id.* (citing 15 U.S.C. § 1640(e)). The limitations period begins to run, "when credit is extended through the consummation of the transaction between the creditor and its customer [*i.e.*, when the contractual relationship is created, regardless of either parties' performance][5] without the required disclosures being made." *Id.* at 1258 (quoting *Dryden v. Lou Budke's Arrow Fin. Co.*, 630 F.2d 641, 646 (8th Cir. 1980)).

In the instant case, pursuant to Plaintiffs' allegations, Plaintiffs obtained a mortgage loan from third party SCME Mortgage Bankers on or before June 21, 2007. (Doc. # 1-1, ¶ 5.) From Plaintiffs' confusing and vague allegations, the Court is able to discern that, at some point between June 2007 and September 2009, Plaintiffs obtained a loan modification from BAC Home Loans. (*See id.*, ¶¶ 5, 6.) Thus,

---

[4] *See Colman v. Wendover Funding, Inc.*, No. 95-8051, 1996 WL 316460, at *5 (10th Cir. June 12, 1996) (unpublished) (affirming lower court's dismissal of TILA claim in part because of lack of allegations concerning whether the defendant was a creditor or assignee of the creditor).

[5] *Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 310 (10th Cir. 1974).

15

construing the facts in the light most favorable to Plaintiffs, the non-movants, the Court will consider September 2009 as the operative date on which Plaintiffs entered into a contract with BAC Home Loans and from which the one-year limitations period on Plaintiffs' TILA claim against BAC Home Loans begins to run. As such, the limitations period expired in September 2010. Because Plaintiffs first asserted their TILA claim against Defendants on January 11, 2011, Plaintiffs' TILA claim is time-barred. Further, Plaintiffs fail to assert any facts or present any arguments in support of equitable tolling of the limitations period. *See*, *e.g.*, *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (noting applicability of equitable tolling to TILA claims); *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1040-43 (6th Cir. 1984) (same). Accordingly, dismissal with prejudice of Plaintiffs' TILA claim is warranted.

**E.    NON-JUDICIAL FORECLOSURE PROCESS IN COLORADO AND COLO. REV. STAT. § 38-38-101 ARE UNCONSTITUTIONAL (CLAIM 13)**

Plaintiffs ask this Court to "rule that the non-judicial foreclosure process in Colorado and Colorado state law § 38-38-101 C.R.S. are unconstitutional[.]" (Doc. # 1-1 at 22.) In essence, Plaintiffs ask the Court for a declaratory judgment. In support, Plaintiffs claim the foreclosure process denies them substantive and procedural due process. (*Id.* at 21.) Defendant BAC Home Loans seeks dismissal on the basis that Plaintiffs have not given the State of Colorado an opportunity to be heard by naming it as a party. (Doc. # 9 at 14.) Defendant CMS has not presented any arguments in connection with Plaintiffs' request for declaratory judgment.

The Declaratory Judgment Act states in part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a).[6]  The controversy "must be one that is appropriate for judicial determination." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937).  "[T]he test is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, **between parties** having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (citing *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941)) (emphasis added).

In the instant case, Plaintiffs ask the Court to declare the state's non-judicial foreclosure proceedings unconstitutional.  Thus, Plaintiffs have asserted a controversy between themselves and the state; however, the state is not a party to the suit and the Court questions whether Plaintiffs' claim for declaratory judgment would survive a dispositive motion on grounds of sovereign immunity.  *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004) (noting that claims against the state for retrospective declaratory relief are barred by the Eleventh Amendment).

Accordingly, the Court finds that dismissal with prejudice of Plaintiffs' claim for declaratory judgment against Defendants is warranted.

**F.    PLAINTIFFS' STATE LAW CLAIMS**

As noted above, Plaintiffs have asserted the following eight state law claims: breach of contract; wrongful foreclosure; slander of title; violation of Colorado Consumer

---

[6] "[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

17

Protection Act; slander of credit; infliction of emotional distress; unfair and deceptive acts and practices in violation of Colorado law; and breach of reinstatement agreements. Because the Court has dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Accordingly, Plaintiffs' state law claims are dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (noting that dismissals for lack of jurisdiction should be without prejudice because the court has not reached a disposition on the merits of the underlying claims).

## IV. CONCLUSION

Accordingly, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Leave to Respond to Defendant Castle Meinhold and Stawiarski, LLC's Motion to Dismiss and Leave to Respond in Excess of the Standard Page Limit (Doc. # 55) is DENIED;

2. Defendant BAC Home Loans Servicing L.P.'s Motion to Dismiss (Doc. # 9) and Defendant Castle Meinhold and Stawiarski LLC's Motion to Dismiss (Doc. # 37) are GRANTED;

3. The following claims are DISMISSED WITH PREJUDICE:

   (a) claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, as alleged against BAC Home Loans Servicing L.P.;

   (b) claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.,* for claims alleged against Castle Meinhold and Stawiarski under § 2605 and against Castle Meinhold and Stawiarski and BAC Home Loans Servicing L.P. under § 2609;

   (c) claim for violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; and

   (d) claim for declaratory judgment against Defendants (that Colorado's non-judicial foreclosure proceedings are unconstitutional);

4. The following claims are DISMISSED WITHOUT PREJUDICE:

   (a) claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, as alleged against Defendant Castle Meinhold and Stawiarski LLC.;

   (b) claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.,* for claims alleged against BAC Home Loans Servicing L.P. under § 2605;

   (c) claim for preliminary injunctive relief to stop third party Freddie Mac's sale of the at-issue property;

   (d) breach of contract;

(e) wrongful foreclosure;

(f) slander of title;

(g) violation of the Colorado Consumer Protection Act;

(h) slander of credit;

(i) infliction of emotional distress;

(j) unfair and deceptive acts and practices in violation of Colorado law; and

(k) breach of reinstatement agreements; and

5. This case is DISMISSED.

DATED: September  26 , 2011

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge